UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

GLYNN BARBER, et al.,                    )
                                         )
            Plaintiffs,                  )
                                         )
      v.                                 )        No. 1:25-cv-00394-RLY-TAB
                                         )
DAVID COIA, JR., et al.,                 )
                                         )
            Defendants.                  )

**ORDER ON PLAINTIFF GLYNN BARBER'S
MOTION FOR ATTORNEY FEES**

Plaintiff Glynn Barber seeks attorney fees incurred in relation to his successful motion to compel, which sought records from Defendants Capital Gains Corp., Capital Gains Holdco, LLC, Caroline Coia, David Coia Jr., Helen Ammon, Hunter Coia, Karen Coia, and Ricardo Coia (collectively, the Coia Defendants). [Filing No. 193.] For reasons stated below, Barber's motion is granted in part and denied in part. Barber is entitled to collect some fees, but the more than $42,000 sought is unreasonable. Thus, Barber is awarded a reduced amount.

## I. Background

In this lawsuit, Barber and his co-Plaintiffs have asserted various causes of action stemming from business dealings related to Barber's patented aquaponics system. [Filing No. 164.] During litigation, disputes arose related to discovery issued in June 2025, which led Barber to request a S.D. Ind. Local Rule 37-1 conference with the magistrate judge. Following a discovery conference on October 21, 2025, the Court concluded that the Coia Defendants had not produced all responsive materials and ordered Defendant Capital Gains to produce an original or

"colored" partnership agreement; email attachments in native format; bank statements; and additional email and invoice materials by October 28, 2025.  [Filing No. 140.]

Immediately following the expiration of that deadline—on October 29, 2025—Barber filed a motion to compel production of additional materials from the Coia Defendants.  Barber's motion to compel sought production of specific documents in native format; a complete colored version of a purported partnership agreement; images of checks; a signed tax authorization; and certain invoices.  [Filing Nos. 150, 150-5.]  The Coia Defendants filed no response to the motion to compel, and the Court granted the motion.  [Filing No. 176.]

Given the allegations in Barber's motion and the lack of any response from the Coia Defendants, the Court noted that an award of attorney fees may be appropriate.  [Filing No. 176.]  The order compelling discovery also required the parties to "confer . . . in an effort to resolve the fee issue" and authorized Barber to file a motion seeking attorney fees if the parties were unable to agree.  [Filing No. 176, at ECF p. 2.]  Counsel for Barber emailed counsel for the Coia Defendants with a preliminary estimate of fees and a request for further discussion.  [Filing No. 193-1.]  However, there was no additional substantive discussion of fees.

Barber moved for attorney fees on December 24, 2025.  [Filing No. 193.]  Barber requests $42,578 in fees—comprised of 83.5 attorney hours at $485 per hour and 7.5 paralegal hours at $285 per hour, worked between September 11, 2025, and December 13, 2025.

## II.    Discussion

Federal Rule of Civil Procedure 37(a)(5) requires a court to award attorney fees for a successful motion to compel unless the movant failed to make good faith efforts to obtain the discovery without court intervention, the opposing party's discovery deficiencies were substantially justified, or other circumstances make an award of expenses unjust.  The Coia

2

Defendants argue that an attorney fee award would be unjust for two reasons: (1) some of the Coia Defendants did not "have anything to do with this discovery dispute;" and (2) the dispute pertained primarily to the re-production in native format of materials previously produced as PDFs. [Filing No. 212, at ECF p. 3-4.] These arguments pertain to the merits of the unopposed motion to compel [Filing No. 150], which named each Coia Defendant. Thus, all Coia Defendants had notice that Barber sought Court-ordered production from them and passed on the opportunity to oppose the motion. Additionally, the obligation to produce native files should have come as no surprise. The parties' original and amended Case Management Plans required parties to produce electronically stored information in native format. [Filing No. 56, at ECF p. 7; Filing No. 180, at ECF p. 7-8.] If the Coia Defendants opposed the nature of the dispute raised in the motion to compel, they should have done so while the motion was pending. It is too late now. The Coia Defendants have not shown that an award of fees would be unjust.

However, an award of fees in the amount requested by Barber would be unjust. The Coia Defendants object to the "jaw-dropping amount" of fees requested. [Filing No. 212, at ECF p. 5.] This is an apt description. "The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Phillips v. Vasil Mgmt. Co.*, No. 1:10–cv–610–WTL–TAB, 2012 WL 177406, at *1 (S.D. Ind. Jan. 20, 2012) (citing *Spegon v. Catholic Bishop*, 175 F.3d 544, 550 (7th Cir.1999)). "There is no one correct formula for determining a fee award[.]" *Tomazzoli v. Sheedy*, 804 F.2d 93, 97 (7th Cir. 1986). Courts may determine what fees are reasonable based on a "contextual and fact-specific assessment." *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). "[T]rial judges have broad discretion to adjust bloated bills for attorney's fees after the fact[.]" *Id.* at 552 (affirming an award of fees that reduced hourly rates and hours).

"[A] reasonable hourly rate presumptively is that rate the attorney actually charges to and receives from paying clients." *Lavallee v. Med-1 Solutions, LLC*, No. 1:15-cv-01922-DML-WTL, 2019 WL 13217905, at *1 (S.D. Ind. Dec. 12, 2019) (citing *Mathur v. Board of Trustees*, 317 F.3d 738, 734, 744 (7th Cir. 2003)).  Barber's counsel has roughly sixteen years of federal practice experience and states that her hourly rate for this case and similar federal cases is $485 per hour.  [Filing Nos. 193-2, at ECF p. 3; 215, at ECF p. 9.]  This hourly rate is reasonable. However, Barber's counsel has put forth no information regarding the identity or credentials of her paralegal.  Therefore, Barber has failed to prove that the $285 hourly rate for paralegal services is reasonable, and his request for paralegal fees is unsupported and unrecoverable.  *See Lavallee*, 2019 WL 13217905 at *2 (finding clerical tasks to be unrecoverable).

Billing entries submitted in support of a request for fees must show that the hours attributed were necessitated by and proportional to the discovery dispute.  *See Wilmington Trust v. 410 South Main Street*, 584 F. Supp. 3d 689, 715 (N.D. Ind. Feb. 7, 2022) (quoting *Crispin R., Jr. v. Board of Educ. of the City of Chicago, Dist. 299*, No. 09-cv-3993, 2010 WL 3701328, at *6 (N.D. Ill. Sept. 10, 2010)) ("A court should not award attorney's fees to a party for time entries that are so vague that it is impossible to discern whether the time is excessive or even relevant to the claim on which the plaintiff prevailed.").  If the time attributed is insufficiently documented, courts may disallow hours or reduce the entire fee award.  *Cooper v. Verifications, Inc.*, No. 1:04-CV-385-TS, 2008 WL 5332190, at *12 (N.D. Ind. Dec. 18, 2008) (disallowing vague and unrelated billing entries); *see also Thomas v. Shoshone Trucking, LLC*, No. 4:20-cv-00209-TWP-KMB, 2023 WL 2649490, at *6-8 (S.D. Ind. Mar. 27, 2023) (reducing hours by 40 percent due to vague, redacted, block-billed entries); Phillips, 2012 WL 177406, at *2 (disallowing excessive

time).  "The essential goal in shifting fees is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

The billing entries submitted by Barber are mostly block entries that group wide ranges of legal tasks and contain extensive redactions.  For example, Barber seeks to recover $2,861.50 for 5.9 hours based on the following description dated September 11, 2025:

> Follow up on action items. Receipt and review of supplemental responses that were supposed to be provided earlier by Coia Counsel; Review of Defendants' late responses. Cataloged missing items. Follow up responses to counsel regarding missing discovery items; Conference call and Communications with Mr. Barber regarding the Coia missing discovery; Additional follow up communications regarding the missing discovery. Follow up with counsel regarding missing discovery. Worked with Mr. Barber on the missing documents and follow up requests to make to Coia Counsel.

[Filing No. 193, at ECF p. 6; 193-3, at ECF p. 2.]  Barber also seeks to recover $1,406.50 for 2.9 hours based on the following description dated October 3, 2025:

> Multiple communications and updates regarding several matters. (.5) Addressed Coia Missing Discovery. Conference with BHI Counsel regarding multiple matters including Coia missing discovery. Multiple Conference calls with Mr. Barber regarding Coia missing discovery. ▮▮▮▮▮▮▮▮▮▮▮▮▮
>
> Continued working on discovery related matters, including Coia missing discovery items. Continued working on discovery dispute letter regarding Coia missing discovery; ▮▮▮▮▮▮▮ Additional communications and conference calls regarding Coia missing discovery.

[Filing No. 193, at ECF p. 7; 193-3, at ECF p. 5.]  These entries include review of discovery and other vague and unrecoverable tasks.  Moreover, these entries—like many others—seek to recover fees for unavoidable litigation tasks.  This case involves voluminous discovery materials, but the discovery dispute primarily hinged on some missing documents and the production of certain materials in native format.  [Filing No. 140, 176.]  A party who prevails on a motion to compel aimed at narrow issues cannot recover fees for work on all "discovery related matters."  Regardless of whether discovery is received on time, it must be reviewed for completeness, as well as for substantive purposes.  The identification and cataloging of missing materials can be

5

accomplished while performing the standard discovery review.  Moreover, large discovery exchanges often require follow up communications and production supplementation.  Discussions of discovery compliance taking place months before filing a motion to compel may be due to good faith disputes, which are not recoverable.  Last, the overall amount of time attributed is simply excessive and disproportionate to scope of the dispute and simplicity of the motion.  Barber's motion to compel contains a recitation of Barber's discovery efforts, invokes few legal authorities, and raises no complex or novel legal arguments.  [Filing No. 150.]  The motion to compel was not opposed, and there was no reply brief.

Given the ambiguities and redactions, the Court cannot distinguish which billing entries were necessitated by the discovery deficiencies at issue in the motion to compel.  Instead of picking and choosing from the problematic and excessive block entries, the Court bases Barber's fee award on a temporal limitation.  Barber may recover the attorney fees he attributes to the motion to compel that are dated between October 29, 2025, and December 13, 2025.  The entries identified in Barber's motion from that period are more closely tied to the motion to compel and this related motion for attorney fees.  When the Coia Defendants failed to produce additional materials by October 28, 2025, as required by the discovery conference order [Filing No. 140], Barber had grounds to move to compel.  The fees accrued prior to October 29, 2025, are less likely to have been necessitated by the specific discovery dispute at issue in the motion to compel.  Over the period of October 29 to December 13, 2025, Barber attributes 8.5 attorney hours—totaling $4,122.50[1] in fees—to drafting the motion to compel and post-filing efforts to obtain discovery supplementation and related fees.  This may not encompass all work

---

[1] This includes $2,667.50 from October 29, $727.50 from October 30, and $727.50 from December 13.  [Filing No. 193, at ECF p. 8.]

necessitated by the Coia Defendant's discovery deficiencies and may include some unrelated work. However, compared to the jaw-dropping $42,578 requested, it more accurately reflects the work warranted for Barber's motion to compel. A fee award of $4,122.50 is fair and reasonable under the circumstances.

### III.    Conclusion

Accordingly, the Court grants in part Barber's motion [Filing No. 193] and awards Barber attorney fees in the amount of $4,122.50 to be paid by the Coia Defendants jointly and severally within 60 days of this order. To the extent that Barber requested fees in excess of that amount, his motion is denied.

Date:  5/13/2026

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

ARTURO SANCHEZ
3231 Manor Ridge
Gainesville, GA 30506