UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GLYNN BARBER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00394-RLY-TAB |
| | ) | |
| DAVID COIA, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS
FOR COMMITTING FRAUD UPON THE COURT**

Plaintiff Glynn Barber seeks sanctions in this matter involving allegations of fraud,

conspiracy, and RICO violations.  Barber claims Defendants[1] forged his signature on a

partnership agreement underlying the dispute and asks the Court to enter default judgment and

award attorney fees.[2]  Defendants oppose the motion and deny the allegations of forgery and

other bad faith conduct.  [Filing Nos. 229, 230.]  Ultimately, Barber's allegations relate to

disputed factual issues central to the case that may need to be decided by a jury.  For this and

other reasons discussed below, Barber's motion for sanctions [Filing No. 221] is denied.

**I.       Background**

Barber alleges that Defendants forged his signature on a partnership agreement dated

January 4, 2019, and that, by testifying during depositions and in affidavits filed with the Court

to facts related to the partnership agreement and its execution, various Defendants committed

---

[1] Barber's motion is vague as to which Defendant allegedly forged his signature and from which
Defendants he seeks sanctions.  For the sake of simplicity, this order uses "Defendants" generally
and only identifies specific Defendants as needed.
[2] This order does not pertain to Plaintiff's motion [Filing No. 193] to recoup attorney fees
associated with a motion to compel.  The Court addresses that motion in a separate order.

fraud upon the Court.  [Filing No. 221, at ECF p. 3.]  Barber denies ever signing the partnership agreement.  [Filing No. 221, at ECF p. 2.]  Barber admits that he visited Defendants' office in Florida on January 3, 2019, and signed other paperwork to begin a joint business venture, co-Plaintiff Balance Holdings, Inc., with Defendants.  [Filing No. 221, at ECF p. 9; Filing No. 230, at ECF p. 6.]  However, Barber argues that he left Florida too early on January 4, 2019, to sign any paperwork that day.  [Filing No. 221, at ECF p. 9.]  Barber alleges that Defendants David Coia Jr., Ricardo Coia, and Helen Ammon committed perjury during their deposition testimony and in affidavits.  Those Defendants swore that they witnessed Barber sign the partnership affidavit in Florida on January 4, 2019—the date listed in the contract and its notarization block. Barber alleges that Defendants should be sanctioned for filing the affidavits in support of an unsuccessful motion for preliminary injunction and repeating the alleged misrepresentations at depositions and in written discovery.  [Filing No. 221, at ECF p. 13.]

Defendants stand by their recollection that Barber signed the partnership agreement but argue they made an honest mistake as to the date of execution.  [Filing No. 230, at ECF p. 7.] Defendants state that the dates contained in their sworn statements "merely parroted" the January 4 date contained in the partnership agreement.  [Filing No. 230, at ECF p. 4.]  In late January 2026, Barber produced evidence, including travel records, that undermines the date of execution. [Filing No. 230, at ECF p. 3.]  The travel records show that Barber returned his rental car at 4:23 a.m. and departed Florida on a 7 a.m. flight on January 4, 2019.  [Filing No. 221, at ECF p. 9-10.]  Defendants concede that, after examining Barber's travel records, they now believe that the partnership agreement is misdated and "signed by all signatories, most likely on January 3, 2019, the same day [that the parties signed another contract.]"  [Filing No. 230, at ECF p. 3-4.] Defendants argue that, regardless of the inaccurate date and notarization, Barber signed and

agreed to the terms of the partnership agreement.  [Filing No. 230, at ECF p. 7.]  Defendants

acknowledge that Barber disputes that and argue that "this is nothing more than a factual dispute

to be examined and tested through the discovery process and then presented to the trier of fact

for ultimate determination."  [Filing No. 230, at ECF p. 7.]  Defendants deny acting in bad faith

or committing fraud upon the Court.  [Filing No. 230, at ECF p. 7.]

On February 19, 2026, counsel for the Coia Defendants emailed counsel for Barber and

admitted that David Jr., Ricardo, and Ammon misspoke:

> For a multitude of reasons, including without limitation the unreliability of Def. Helen Ammon's testimony due to her age and deteriorating memory, the recent discovery of a version without a date on the first page (See Coia – 004466), Pl. Glynn Barber's position he was not in Florida on January 4th, 2019, and the date reflected on the corresponding IP rider, the relevant Defendants are willing to concede the Partnership Agreement was not properly notarized and that it could have been signed on January 3rd, 2019 (the date before).  However, Defendants' position with respect to whether Pl. Glynn Barber signed the document remains unchanged.
>
> While I believe this is inconsequential, and unsurprising given the amount of time that has passed, please let me know if you would like to revisit Rick's / Helen's / David's depositions.  Under the circumstances we would have no objection to making each available for an additional hour.

[Filing No. 230-1, at ECF p. 2.]  Instead of attempting to resolve the issue without Court

intervention, Barber filed the motion for sanctions the next day.  Barber's motion fails to

acknowledge defense counsel's February 19, 2026, email.

## II.    Discussion

A motion for sanctions is no substitute for a trial or a motion for summary judgment.

Barber's motion—at least implicitly—asks the Court to decide an issue that should be left to the

ultimate trier of fact.  Barber filed this lawsuit, in part, to recover damages for alleged fraud.

Counts I and II of the third amended complaint allege fraud, stemming, at least in part, from the

purported notarization of the partnership agreement, which the complaint refers to as "Exhibit A."  [Filing No. 164, at ECF p. 7, 57-63 ("Ammon . . . notarized [Barber's] purported signature on a 'Partnership Agreement' when he was not physically present in [Defendants'] Offices on January 4, 2019.").]  Barber now prefers to forgo the jury trial he requested and have the Court decide whether Defendants committed fraud associated with the partnership agreement.  This would be improper.[3]

Moreover, a terminating sanction—such as the default judgment sought by Barber—is a harsh penalty that should be used sparingly.  *See Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003).  As Barber notes "[p]erjury is false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory."  [Filing No. 221, at ECF p. 14 (quoting *Montano v. City of Chicago*, 535 F.3d 558, 564 (7th Cir. 2008).]  Inconsistent testimony may lead to impeachment, but it is not necessarily perjury.  *See U.S. v. Letchos*, 316 F.2d 481, 484 (7th Cir. 1963) ("[A] mere prior inconsistent statement would not have given rise to a perjury conviction.  The question here is whether defendant, while under oath deliberately lied[.]").  Defendants dispute the allegations of forgery, fraud, and intentional misrepresentation and argue that they merely relied on a document containing an inaccurate date.  Six years after signing, parties to a contract may have no independent memory of the date of execution.  Reliance on the date listed in a document is

---

[3] Relatedly, Barber impermissibly filed new evidence in support of this motion, such as financial records, cell phone records, and a report from a forensic handwriting analyst [Filing Nos. 259-1, 259-2, 259-3, 260-8, 260-9, 260-10], with his reply brief.  *See FosTecH v. Admiral Ins. Co.*, 804 F.Supp. 3d 847, 852 (S.D. Ind. Sept. 24, 2025) ("[N]ew arguments and evidence may not be raised for the first time in a reply brief.  Reply briefs are for replying, not raising new arguments that could have been advanced in the opening brief." (quoting *Reis v. Robbins*, No. 14-cv-63, 2015 WL 846526, at *2 (S.D. Ind. Feb. 26, 2015))).  Defendants have not had the opportunity to respond to this new evidence and have until June 10, 2026, to identify expert witnesses, such as a rebuttal handwriting expert.  [*See* Filing No. 226 (extending expert disclosure deadlines).]

typically reasonable.  Barber has not persuaded the Court that, at this juncture, a default

judgment and an award of attorney fees is appropriate.

Furthermore, Barber's failure to disclose Defendants' attempt to correct prior statements

before moving for sanctions is concerning.  On February 19, 2026—the day before Barber

moved for sanctions and within a month of receiving travel records contradicting the date listed

on the partnership agreement—counsel for those Defendants alleged to have committed perjury

emailed Barber's counsel.  [Filing No. 230-1, at ECF p. 2.]  In the February 19 email,

Defendants' counsel conceded that the date was misstated and proposed a remedy to address the

misstatements.  Counsel for Barber did not allow Defendants the opportunity to take curative

action.  Nor did counsel acknowledge the February 19 email's concessions in the motion for

sanctions.

In their response brief, Defendants argue that Barber's failure to meet and confer

regarding this issue violates Fed. R. Civ. P. 11 and S.D. Ind. Local Rules 7-1 and 37-1.  [Filing

No. 230, at ECF p. 9-13.]  The Court agrees.  Any time a party seeks attorney fees pre-judgment,

the moving party must make reasonable efforts to confer with opposing counsel.  *See* S.D. Ind.

Local Rule 7-1(g)(1)(A), (2).  Incorrect information in discovery—such as a misstated date—is

sufficiently commonplace that Fed. R. Civ. P. 26(e) addresses the issue and requires parties to

take corrective action.  The present dispute is akin to a discovery dispute, which would require a

meet and confer and conference with the magistrate judge before filing a motion.  In any event,

professional courtesy demands meaningful communication between parties before seeking

sanctions of this kind.  Barber's reply brief attempts to put forth *post hoc* claims of pre-motion

meet and confers.  However, those communications contained only general discussion of issues

in the case.  [*See* Filing Nos. 260-1, 260-2.]  The only communication that adequately notified

Defendants of the issues presented in Barber's motion for sanctions is the correspondence dated February 20, 2026—the same date that Barber filed the motion for sanctions. A party cannot satisfy the meet and confer requirement by writing opposing counsel contemporaneous to filing a motion for sanctions.

Defendants argue that, under 28 U.S.C. § 1927, Barber's failure to meet and confer warrants an award of fees and costs for responding to the motion. [Filing No. 230, at ECF p. 11-12.] However, an award of fees under § 1927 is discretionary. *See* 28 U.S.C. § 1927 (permitting, but not requiring, a court to award fees and costs against a party "who so multiples the proceedings in any case unreasonably and vexatiously"). Under the circumstances, one overzealous motion does not warrant an award of fees. Therefore, the Defendants' request for fees and costs is denied.

## III.    Conclusion

Accordingly, Barber's motion for sanctions [Filing No. 221] is denied. Defendants' request for an award of fees and costs in their response brief [Filing No. 230] is also denied.

Date: 5/13/2026

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

ARTURO SANCHEZ
3231 Manor Ridge
Gainesville, GA 30506

6